# IN THE COURT OF CRIMINAL APPEALS

## AT NASHVILLE

### MARCH SESSION, 2000

FILED

March 17, 2000

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE | ) | |
| | ) | C.C.A. NO. M1999-01249-CCA-R3-CD |
| APPELLEE, | ) | |
| | ) | SEQUATCHIE COUNTY |
| VS. | ) | |
| | ) | HONORABLE J. CURTIS SMITH |
| RICHARD MISFELDT, | ) | CIRCUIT JUDGE |
| | ) | |
| APPELLANT. | ) | (THEFT, CLASS C) |
| | ) | ($10,000.00 - $60,000.00) |

FOR THE APPELLANT:

EDWARD L. BORING
P. O. Box 1025
Pikeville, TN 37367

FOR THE APPELLEE:

PAUL G. SUMMERS
Attorney General & Reporter

LUCIAN D. GEISE
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
Nashville, TN 37243

J. MICHAEL TAYLOR
District Attorney General

STEVEN H. STRAIN
Assistant District Attorney
3751 Main Street
Jasper, TN 37347

OPINION FILED:_____

AFFIRMED

WILLIAM B. ACREE, JR., SPECIAL JUDGE

## OPINION

This is an appeal as of right by the defendant of the sentence imposed upon him. The trial judge sentenced the defendant to the Tennessee Department of Corrections. The defendant contends that he should have received alternative sentencing.

The defendant was indicted for theft over $60,000.00, a Class B felony. The indictment alleges that the defendant stole thirteen different items of personal property with an aggregate value of $188,499.75. According to the evidence, these thefts took place during the time period of February 18, 1994 to April 6, 1997.

The defendant entered a plea of guilty to the lesser included offense of theft of property over $10,000.00, a Class C felony. The State and the defendant agreed to a sentence of six years and also agreed that the trial court would determine whether the defendant would be required to serve time in confinement.

At the sentencing hearing, the only evidence presented was the presentence report. According to that report, the defendant is 55 years of age, divorced, and the father of two children. He has a degree in industrial engineering and was gainfully employed until 1996. During a substantial period of this time, he operated his own business and earned between $50,000.00 and $60,000.00 a year. The defendant has one prior felony conviction and that was for receiving stolen property in the State of Alabama. That crime was committed during the time interval involved in this case. He received a three year sentence.

The trial court found that defendant engaged in a protracted crime spree. Because of these facts and circumstances and because of the defendant's prior criminal record, the court sentenced the defendant to six years in the Tennessee Department of Corrections as a Range I Standard Offender. He was given credit for 265 days previously served.

On appeal, the defendant insists he should have received alternative sentencing rather than incarceration. He asserts that under T.C.A. §40-35-102 (6) he was presumed to be a favorable candidate for alternative sentencing, and that the State failed to present evidence sufficient to rebut this presumption. In a related issue, the defendant contends that the trial court erred in excluding evidence of sentences in other cases imposed by the judges of the 12th Judicial District.

The position of the State is that the trial court correctly sentenced the defendant to incarceration rather than an alternative sentence for two reasons: (1) to avoid depreciating the seriousness of the offense; and (2) to provide an effective deterrent to others likely to commit similar offenses.

In reviewing a sentence, there is a de novo review with a presumption of correctness provided that the trial court considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 167, 169 (Tenn.1991). There is not a presumption of correctness in this case because the trial court did not address the presumption that the defendant was a favorable candidate for alternative sentencing. In conducting a de novo review of a sentence, this court must consider the evidence, if any, received at the trial and sentencing hearing, the information contained in the pre-sentence report, the statutory principles of sentencing, counsel's argument as to sentencing alternatives, the nature and characteristics of criminal conduct, mitigating and statutory enhancement factors, any statement that the defendant made on his own behalf and the potential for rehabilitation or treatment. Ashby, at 169.

In determining whether alternative sentencing is appropriate, the sentencing procedure begins with a determination as to whether the presumption under T.C.A. 40-35-102 (6) applies. This statute provides:

> "A defendant who does not fall within the parameters of subdivision (5) and is an especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to

be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary."

Ashby, at 169.

The defendant is a standard offender and was convicted of a Class C felony. It is then necessary to determine whether he falls within the parameters of T.C.A. §40-35-102 (5) which provides:

> "In recognition that state prison capacities and the funds to build and maintain them are limited, convicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws of morals of society, and evincing failure of past efforts of rehabilitation shall be given first priority regarding sentencing involving incarceration."

Although the defendant has a prior felony conviction, the record does not show his history to be such as to include him within the language of this statute. Therefore, there is a presumption that the defendant is a favorable candidate for alternative sentencing. If the presumption applies, it is then necessary to determine whether the State has overcome the presumption. In determining whether there is evidence to overcome the presumption, it is necessary to review T.C.A. §40-35-103 (1) which provides:

> "(1) Sentences involving confinement should be based on the following considerations:
>
> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
>
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant."
>
> Ashby, at 169.

The State contends that the denial of alternative sentencing was proper because of deterrence and because of the seriousness of the offense.

To deny alternative sentencing on the ground of deterrence, there must be evidence in the record that the sentence imposed will have a deterrent effect within the jurisdiction. State v. Bingham, 910 S.W.2d 448, 455 (Tenn.Cr.App.1995). Aside from background information concerning the defendant, the only evidence in this record is evidence of the crime itself. The record is void of any evidence that a sentence of confinement will have a deterrent effect within the jurisdiction. Accordingly, it was error to deny alternative sentencing based upon deterrence.

The State also contends that confinement is necessary to avoid depreciating the seriousness of the offense. To deny an alternative sentence based on the seriousness of the offense, "the circumstances of the offense as committed must be especially violent, horrifying, shocking, reprehensible, offensive, or otherwise of an excessive or exaggerated degree," and the nature of the offense must outweigh all factors favoring a sentence other than confinement. Bingham, at 454, State v. Hartley, 818 S.W.2d 370, 374-75 (Tenn.Cr.App.1991).

Although the defendant was indicted on only one count of theft, the record reflects that over a period of more than three years, he committed 13 separate criminal acts of theft and that the property he stole had a value of almost $190,000.00. In addition, during this same time period, he was convicted in the State of Alabama for theft and received a sentence of three years. It is proper to consider the number of criminal acts in determining the seriousness of the offense. As stated in State v. Zeolia, 928 S.W.2d 457, 462 (Tenn.Cr.App.1996), "failure to consider multiplicity of counts would be 'simply irrational and offensive to the underlying principles of sentencing'".

The extent of the financial losses reflect the seriousness of the

offense. <u>Zeolia</u>, at 462. As previously stated, the defendant stole property valued at almost $190,000.00. The defendant was not ordered to make restitution to those victims who sustained losses.

The only evidence of factors favoring a sentence other than confinement is that the defendant has only one prior felony conviction, has a family and was gainfully employed until he began his life of crime. We find that this evidence is outweighed by the serious nature of the offense.

In summary, we hold that the presumption of alternative sentencing was rebutted by the seriousness of the offense when the offense occurred over a period of three years, involved 13 separate acts of theft, and the property stolen had a value of approximately $190,000.00.

The defendant also contends that the trial court erred in excluding evidence of sentences in other cases imposed by the judges of the 12th Judicial District. The defendant cites not authority for this position for the obvious reason that none exists. This issue is without merit.

For the reasons stated herein, the judgment of the trial court is affirmed.

_____
William B. Acree, Jr., Special Judge

CONCUR:

_____
Judge Joe G. Riley

_____
Judge Alan E. Glenn